OPINION
Defendant Leander Conethan appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which gave him credit for seven days served in the Salvation Army Drug and Alcohol Rehabilitation Program. Appellant had asked the court to credit him for a total of 170 days. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT GIVING THE DEFENDANT JAIL TIME CREDIT FOR THE TIME SPENT AT THE SALIVATION [SIC] ARMY DRUG AND ALCOHOL REHABILITATION CENTER.
The record indicates appellant was convicted of felonious assault on March 5, 1997, and sentenced to two years in a state penal institution. On December 18, 1997, appellant was granted shock probation, and ordered to attend and successfully complete the Salvation Army Drug and Alcohol Rehabilitation Program in Cleveland, Ohio. Appellant attended the program from December 18, 1997, through March 24, 1998, when he was terminated for failing a urine test. Appellant was readmitted to the program in May, and terminated again on July 18, 1998, again for failing a urine test. Appellant never successfully completed the program. Pursuant to State v. Jones (August 8, 1997), Richland App. No. 96CA114, unreported, the trial court held a hearing to determine whether appellant was confined in the Salvation Army Program, such that the time he spent there should be credited against his sentence. The court received a letter from the Salvation Army describing the program the appellant had attended. The trial court also heard the testimony of appellant describing the routine in the Salvation Army program. The appellant explained the program required him to be confined to the building for seven days. Thereafter, he could go home on weekends and visit his family, and was put on work therapy. Appellant worked inside the building, and was not permitted to leave during work time. Appellant also attended meetings scheduled at the Salvation Army. At this stage of the program, he was permitted to leave the premises for two or three hours a day. In the third phase of the program, appellant was able to go home on overnight passes on the weekends. During the time appellant was required to be in the building, there was a security person at the door, who would report persons who left without permission. The trial court determined, based upon the testimony and exhibits, that appellant was confined the first seven days of his rehabilitation program. The trial court further determined the later stages of the program placed fewer restrictions on appellant, such that it no longer constituted confinement as contemplated by the legislature. Our review of the record leads us to conclude the trial court did not err in giving the appellant seven days credit for time served, but none for the subsequent 163 days. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur